UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAHRA M.,[1] | Case No. 5:19-cv-01329-JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| ANDREW SAUL, Commissioner of Social Security Administration, | |
| Defendant. | |

## I.   SUMMARY

On July 19, 2019, plaintiff filed a Complaint seeking review of the Commissioner of Social Security's denial of her application for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively "Plaintiff's Motion" and "Defendant's Motion" (collectively, "Motions").  The Court has taken the Motions under submission

---

[1]Plaintiff's name is partially redacted to protect her privacy in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1    without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; Case Management

2    Order ¶ 5.

3        Based on the record as a whole and the applicable law, the decision of the

4    Commissioner is AFFIRMED.  The findings of the Administrative Law Judge

5    ("ALJ") are supported by substantial evidence and are free from material error.

6    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

7            **DECISION**

8        On September 14, 2015, plaintiff filed an application for Disability

9    Insurance Benefits, alleging disability beginning on February 27, 2011, due to

10   depression, anxiety, weight gain, arthritis in the knees, torn meniscus in the right

11   knee, and high blood pressure.  (Administrative Record ("AR") 556-57, 605, 616).

12   An ALJ subsequently examined the medical record and heard testimony from

13   plaintiff (who was represented by counsel) and a vocational expert on May 31,

14   2018.  (AR 391-408).  On July 5, 2018, the ALJ determined that plaintiff was not

15   disabled from the alleged onset date of August 19, 2016, to the last-insured date of

16   March 31, 2016.  (AR 30-41).  Specifically, the ALJ found:  (1) plaintiff suffered

17   from the following severe impairments:  right knee osteoarthritis, probable right

18   knee meniscus tear, high blood pressure, hyperlipidemia, obesity, anxiety, and

19   depression (AR 32); (2) plaintiff's impairments, considered individually or in

20   combination, did not meet or medically equal a listed impairment (AR 33);

21   (3) plaintiff retained the residual functional capacity ("RFC") to perform a reduced

22   range of light work (20 C.F.R. § 404.1567(b))[2] (AR 20-21); (4) plaintiff could not

23

24        [2]The RFC assessment included the following restrictions:

25

26        [Plaintiff] can lift/carry 20 pounds occasionally, 10 pounds frequently; stand/walk
         6 hours in an 8 hour workday; sit 6 hours in an 8 hour workday; occasional

27        postural limitations; no crawling; no climbing ladders/ropes/scaffolds; no work
         around unprotected heights or moving dangerous machinery; occasional push/pull

28                                                                          (continued...)

2

1  perform any past relevant work (AR 39); (5) there are jobs that exist in significant
2  numbers in the national economy that plaintiff could perform, specifically "office
3  helper" and "small products assembler" (AR 39-40); and (6) plaintiff's statements
4  regarding the intensity, persistence, and limiting effects of subjective symptoms
5  were not entirely consistent with the medical evidence and other evidence in the
6  record (AR 35).

7  On May 20, 2019, the Appeals Council denied plaintiff's application for
8  review of the ALJ's decision.  (AR 1-4).

9  **III.   APPLICABLE LEGAL STANDARDS**

10  **A.   Administrative Evaluation of Disability Claims**

11  To qualify for disability benefits, a claimant must show that she is unable to
12  engage in "any substantial gainful activity by reason of any medically
13  determinable physical or mental impairment which can be expected to result in
14  death or which has lasted or can be expected to last for a continuous period of not
15  less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a),
16  416.905(a).  To be considered disabled, a claimant must have an impairment of
17  such severity that she is incapable of performing work the claimant previously
18  performed ("past relevant work") as well as any other "work which exists in the
19  national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing
20  42 U.S.C. § 423(d)).

21  To assess whether a claimant is disabled, an ALJ is required to use the five-
22  step sequential evaluation process set forth in Social Security regulations.  See
23  Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006)

24  _____

25  [2](...continued)
26  with the right lower extremity; no concentrated exposure to humidity, wetness,
   dust, fumes, pulmonary irritants, and extreme cold and heat; and frequent
27  interaction with coworkers, supervisors, and the general public.

28  (AR 34).

3

1    (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520,

2    416.920).  The claimant has the burden of proof at steps one through four – *i.e.*,

3    determination of whether the claimant was engaging in substantial gainful activity

4    (step 1), has a sufficiently severe impairment (step 2), has an impairment or

5    combination of impairments that meets or medically equals one of the conditions

6    listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and

7    retains the residual functional capacity to perform past relevant work (step 4).

8    Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).  The

9    Commissioner has the burden of proof at step five – *i.e.*, establishing that the

10   claimant could perform other work in the national economy.  Id.

11            **B.    Federal Court Review of Social Security Disability Decisions**

12          A federal court may set aside a denial of benefits only when the

13   Commissioner's "final decision" was "based on legal error or not supported by

14   substantial evidence in the record."  42 U.S.C. § 405(g); Trevizo v. Berryhill, 871

15   F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted).  The

16   standard of review in disability cases is "highly deferential."  Rounds v. Comm'r

17   of Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation

18   marks omitted).  Thus, an ALJ's decision must be upheld if the evidence could

19   reasonably support either affirming or reversing the decision.  Trevizo, 871 F.3d at

20   674-75 (citations omitted).  Even when an ALJ's decision contains error, it must

21   be affirmed if the error was harmless.  See Treichler v. Comm'r of Soc. Sec.

22   Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if

23   (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path

24   may reasonably be discerned despite the error) (citation and quotation marks

25   omitted).

26          Substantial evidence is "such relevant evidence as a reasonable mind might

27   accept as adequate to support a conclusion."  Trevizo, 871 F.3d at 674 (defining

28   "substantial evidence" as "more than a mere scintilla, but less than a

4

1 preponderance") (citation and quotation marks omitted).  When determining

2 whether substantial evidence supports an ALJ's finding, a court "must consider the

3 entire record as a whole, weighing both the evidence that supports and the

4 evidence that detracts from the Commissioner's conclusion[.]"  Garrison v.

5 Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

6        Federal courts review only the reasoning the ALJ provided, and may not

7 affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely."

8 Trevizo, 871 F.3d at 675 (citations omitted).  Hence, while an ALJ's decision need

9 not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's

10 reasoning "in a way that allows for meaningful review."  Brown-Hunter v. Colvin,

11 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

12        A reviewing court may not conclude that an error was harmless based on

13 independent findings gleaned from the administrative record.  Brown-Hunter, 806

14 F.3d at 492 (citations omitted).  When a reviewing court cannot confidently

15 conclude that an error was harmless, a remand for additional investigation or

16 explanation is generally appropriate.  See Marsh v. Colvin, 792 F.3d 1170, 1173

17 (9th Cir. 2015) (citations omitted).

18 **IV.   DISCUSSION**

19        Plaintiff claims that (1) the ALJ's RFC assessment is not supported by

20 substantial evidence, and (2) the ALJ failed to provide clear, specific, and

21 convincing reasons to discredit plaintiff's statements and testimony.  (Plaintiff's

22 Motion at 6-10).  For the reasons stated below, the Court concludes that a reversal

23 or remand is not warranted.

24        **A.   The RFC Assessment Is Supported by Substantial Evidence**

25             **1.   Pertinent Law**

26        Before proceeding to steps four and five, an ALJ must first assess the

27 claimant's residual functional capacity.  20 C.F.R. §§ 404.1520(e), 416.920(e);

28 ///

5

1  Social Security Ruling ("SSR") 96-8P at *1.[3]  "A claimant's residual functional

2  capacity is what he can still do despite his physical, mental, nonexertional, and

3  other limitations." Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989)

4  (citing 20 C.F.R. § 404.1545).  When assessing RFC, an ALJ must evaluate "on a

5  function-by-function basis" how particular impairments affect a claimant's

6  abilities to perform basic physical, mental, or other work-related functions.  SSR

7  96-8P at *1 (citing 20 C.F.R. §§ 404.1545(b)-(d), 416.945(b)-(d)).  An ALJ must

8  account for limitations caused by all of a claimant's impairments, even those that

9  are "not severe."  SSR 96-8P at *5 (internal quotation marks omitted).  In addition,

10  an ALJ must consider all relevant evidence in the record, including medical

11  records, lay evidence, and the effects of a claimant's subjective symptoms (*i.e.*,

12  pain), that may reasonably be attributed to a medically determinable impairment.

13  Robbins, 466 F.3d at 883 (citations omitted); see 20 C.F.R. §§ 404.1545(a)(1),

14  416.945(a)(1).

15        **2.    Analysis**

16        Plaintiff contends that the ALJ failed properly to evaluate her obesity in

17  assessing the RFC with respect to her ability to engage in prolonged standing and

18  walking.  (Plaintiff's Motion at 6-8).  The ALJ determined that plaintiff can stand

19  or walk for six hours in an eight-hour workday.  (AR 34).  Plaintiff asserts that this

20  conflicts with "the significant objective and clinical findings in the right knee,"

21  particularly physical examinations showing decreased range of motion, tenderness,

22  and crepitus, along with diagnostic imaging showing moderate narrowing at the

23  ─────────────────

24        [3]Social Security Rulings reflect the Social Security Administration's ("SSA") official
   interpretation of pertinent statutes, regulations, and policies.  20 C.F.R. § 402.35(b)(1).  Although

25  they "do not carry the 'force of law,'" Social Security Rulings "are binding on all components of
   the . . . Administration[,]" and are entitled to deference if they are "consistent with the Social

26  Security Act and regulations."  20 C.F.R. § 402.35(b)(1); Bray v. Comm'r of Soc. Sec. Admin.,
   554 F.3d 1219, 1224 (9th Cir. 2009) (citations and quotation marks omitted); see also Heckler v.

27  Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security

28  rulings).

1  medial compartment joint space, patellofemoral joint osteoarthritic changes,

2  tricompartmental osteoarthritis, and grade 3 and 4 chondromalacia patella.

3  (Plaintiff's Motion at 7; see AR 772, 775, 777, 778, 783, 785, 791, 846 (exams);

4  AR 847 (x-ray); AR 878 (MRI)).

5      However, the ALJ acknowledged these same findings in the decision (AR

6  35), while also noting that plaintiff's examinations consistently showed that she

7  walked with a normal gait and without an assistive device, and her treatment for

8  knee pain has been limited to injections. (AR 35; see AR 846, 853, 917, 1064,

9  1073, 1180). The ALJ also noted that, according to plaintiff's treatment notes, she

10  regularly walked for forty-five minutes, albeit slowly. (AR 35; see 1152). In

11  addition, the ALJ reviewed the opinions of consultative examiner Dr. Vicente

12  Bernabe, D.O., and Dr. Herman R. Shoene, M.D., as well as a state agency

13  consultative reviewer, who all opined that plaintiff can stand or walk for six hours

14  and sit for six hours in an eight-hour workday.[4] (AR 37-38, 450, 919-20, 1181).

15  Yet, unlike these medical sources, the ALJ accounted for plaintiff's knee

16  impairment and obesity by limiting plaintiff to occasional postural activities and

17  occasional use of the right lower extremity. (AR 38).

18      As support for greater standing and walking limitations, plaintiff cites the

19  opinion of Dr. Ronald Portnoff, M.D., who performed an orthopedic examination

20  on January 13, 2013, in connection with plaintiff's worker's compensation claim,

21  and opined that plaintiff "should avoid prolong[ed] standing, walking, repetitive

22  kneeling, bending, and squatting." (Plaintiff's Motion at 7-8; AR 1195-1205). As

23  plaintiff points out, the ALJ gave "partial weight" to this opinion. (AR 38).

24  _____

25      [4]The ALJ stated he gave "little weight" to the opinions of Dr. Bernabe and Dr. Schoene

26  because their assessments were limited to considering only plaintiff's knee pain, and thus they
    did not sufficiently account for other impairments that further limited plaintiff's ability to

27  lift/carry and engage in postural activities, among other abilities. (AR 37-38). Based on the
    record as a whole, the ALJ clearly agreed with and adopted their assessed walking, standing, and

28  sitting limitations, but not other aspects.

1    Plaintiff asserts that it is "unreasonable to conclude that 6 hours of standing/

2    walking is not considered prolonged." (Plaintiff's Motion at 8). However,

3    "partial weight" reasonably conveys that the ALJ was adopting only *part* of Dr.

4    Portnoff's assessment. While the ALJ did not adopt the standing and walking

5    limitation, the ALJ effectively accounted for the restriction from "repetitive

6    kneeling, bending, and squatting" in the RFC assessment by limiting plaintiff to

7    "occasional postural limitations," along with no crawling or climbing, and only

8    occasional pushing or pulling with the right lower extremity. (AR 38). For the

9    standing and walking limitation, the ALJ reasonably diverged from Dr. Portnoff's

10    opinion based on other opinions and evidence in the record.

11        In addition, plaintiff asserts that it "defies common sense that [plaintiff] can

12    be on her feet for 6 hours of an 8-hour day in light of her severe right knee

13    impairment in combination with obesity." (Plaintiff's Motion at 8). To support

14    this assertion, plaintiff cites Barrett v. Barnhart, 355 F.3d 1065, 1068 (7th Cir.

15    2003), on reh'g, 368 F.3d 691 (7th Cir. 2004), in which Judge Posner wrote:

16          [W]e do not know on what basis [the ALJ] decided that [the claimant]

17          can stand for two hours at a time. No physician said that. A great

18          many people who are not grossly obese and do not have arthritic

19          knees find it distinctly uncomfortable to stand for two hours at a time.

20          To suppose that [the claimant] could do so day after day on a factory

21          floor borders on the fantastic, but in any event has no evidentiary

22          basis that we can find.

23    355 F.3d at 1068. Unlike in Barrett, there is an evidentiary basis for the ALJ's

24    determination regarding plaintiff's standing and walking abilities, including the

25    opinions of multiple physicians, as discussed above. Accordingly, plaintiff fails to

26    identify any error in the ALJ's RFC assessment, which is supported by substantial

27    evidence in the record.

28    ///

**B.    The ALJ Properly Evaluated Plaintiff's Subjective Complaints**

**1.    Pertinent Law**

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process.  20 C.F.R. §§ 404.1529(a), (d).  Accordingly, when a claimant presents "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of his or her subjective symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities.  20 C.F.R. §§ 404.1529(a), (c)(4); SSR 16-3p, 2017 WL 5180304, at *4-*10.[5]  When an individual's subjective statements are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities.  See SSR 16-3p, 2017 WL 5180304, at *8.  In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific,

---

[5]Social Security Ruling 16-3p superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation."  See SSR 16-3p, 2017 WL 5180304, at *1-*2, *10-*11.  The SSA subsequently republished SSR 16-3p making no change to the substantive policy interpretation regarding evaluation of a claimant's subjective complaints, but clarifying that the SSA would apply SSR 16-3p only "[when making] determinations and decisions on or after March 28, 2016[,]" and that federal courts should apply "the rules [regarding subjective symptom evaluation] that were in effect at the time" an ALJ's decision being reviewed became final.  SSR 16-3p, 2017 WL 5180304, at *1, *13 n.27.

1  clear, and convincing reasons for doing so." <u>Brown-Hunter</u>, 806 F.3d at 488-89.[6]
2  This requirement is very difficult to satisfy.  <u>See</u> <u>Trevizo</u>, 871 F.3d at 678 ("The
3  clear and convincing standard is the most demanding required in Social Security
4  cases.") (citation and quotation marks omitted).

5      An ALJ's decision "must contain specific reasons" supported by substantial
6  evidence in the record for giving less weight to a claimant's statements.  SSR 16-
7  3p, 2017 WL 5180304, at *10.  An ALJ must clearly identify each subjective
8  statement being rejected and the particular evidence in the record which
9  purportedly undermines the statement.  <u>Treichler</u>, 775 F.3d at 1103 (citation
10 omitted).  Unless there is affirmative evidence of malingering, the Commissioner's
11 reasons for rejecting a claimant's testimony must be "clear and convincing."
12 <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995) (internal quotation marks
13 omitted), as amended (Apr. 9, 1996).  "General findings are insufficient[.]"
14 <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted).

15     If an ALJ's evaluation of a claimant's statements is reasonable and is
16 supported by substantial evidence, it is not the court's role to second-guess it.  <u>See</u>
17 <u>Thomas v. Barnhart</u>, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).  When
18 an ALJ fails properly to discuss a claimant's subjective complaints, however, the
19 error may not be considered harmless "unless [the Court] can confidently conclude
20 that no reasonable ALJ, when fully crediting the testimony, could have reached a
21 different disability determination."  <u>Stout</u>, 454 F.3d at 1056; <u>see also</u> <u>Brown-</u>
22 <u>Hunter</u>, 806 F.3d at 492 (ALJ's erroneous failure to specify reasons for rejecting
23 claimant testimony "will usually not be harmless").

24

25

26     [6]It appears to this Court, based upon its research of the origins of the requirement that
   there be "specific, clear and convincing" reasons to reject or give less weight to an individual's
27 subjective statements absent an affirmative finding of malingering, that such standard of proof
   remains applicable even when SSR 16-3p governs.  <u>See</u> <u>Trevizo</u>, 871 F.3d at 678-79 & n.5
28 (citations omitted).

1

### 2. Plaintiff's Testimony

2    Plaintiff testified that she has a torn meniscus in the right knee, chronic
3 pain, high cholesterol, high blood pressure, diabetes, asthma, depression, and
4 anxiety. (AR 396-400). She also testified that she has difficulty losing weight due
5 to a metabolic syndrome, the bottom of her feet sometimes feel numb, and she has
6 pain in her left side and must frequently urinate. (AR 397, 398, 400).

7    According to plaintiff, she spends a normal day sitting and elevating her
8 feet. (AR 400). She does not change out of her pajamas and becomes very sad
9 and depressed. (AR 400). She testified that she can stand for up to twenty or
10 thirty minutes; walk for up to twenty minutes; sit for up to twenty minutes before
11 having to switch positions and elevate her legs; and lift or carry only five or ten
12 pounds. (AR 398-99, 401). She only drives short distances and does not drive on
13 the freeways because of her knee and anxiety. (AR 399). Moreover, she stated
14 that she cannot concentrate and has memory problems. (AR 401).

15

### 3. Analysis

16    The ALJ found that plaintiff's medically determinable impairments could
17 reasonably be expected to cause the alleged symptoms, but determined that
18 plaintiff's statements about the intensity, persistence, and limiting effects of the
19 symptoms were not entirely consistent with the medical evidence and other
20 evidence in the record. (AR 35, 37). Plaintiff contends that the ALJ failed to
21 provide sufficient support for this determination. (Plaintiff's Motion at 8-10).

22    However, in assessing plaintiff's subjective statements, the ALJ clearly
23 identified each of plaintiff's primary allegations and gave clear and convincing
24 reasons to discount the severity of her symptoms, supported by substantial
25 evidence in the record. First, the ALJ found plaintiff's statements inconsistent
26 with the objective evidence in the record, including diagnostic evidence and
27 physical examination findings. (AR 35-39). This is a proper factor to consider
28 when evaluating a claimant's subjective complaints. See Burch, 400 F.3d at 681

("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider . . . ."). Regarding plaintiff's complaints of knee pain, for example, the ALJ noted that plaintiff walked with a normal gait and without an assistive device. (AR 35; see AR 846, 853, 917, 1064, 1073, 1180). Reviewing, in detail, the evidence related to plaintiff's high blood pressure (hypertension), high cholesterol (hyperlipidemia), and asthma, the ALJ cited records reflecting generally normal test results and an absence of serious symptoms that would significantly limit plaintiff's functioning. (AR 35-36). In addition, the ALJ reasonably found that treatment records from plaintiff's primary care physicians did not reflect any significant physical limitations. (AR 37).

The ALJ also noted plaintiff's conservative treatment for each of her conditions. This, too, is an appropriate ground on which to discount a claimant's symptom testimony. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (citation omitted), cert. denied, 552 U.S. 1141 (2008). For example, the ALJ noted that plaintiff's knee pain has been treated with injections, her other physical conditions (such hypertension, hyperlipidemia, and asthma) were controlled with medications, and she has generally required no emergency treatment or surgical procedures. (AR 35-37; see, e.g., AR 704, 855, 911, 934, 1128). Plaintiff's mental symptoms were also treated conservatively with anxiety medication, and she did not receive any ongoing mental health treatment from a psychiatrist or participate in psychotherapy.[7] (AR 38, 1167). Moreover, the ALJ remarked that plaintiff's doctors had encouraged her to lose weight through exercise and dietary

---

[7] The ALJ did, however, "give[] some weight to [plaintiff's] subjective complaints and evidence" regarding depression and anxiety, and thus limited plaintiff to unskilled work with only frequent interaction with coworkers, supervisors, and the general public. (AR 34, 39).

1    restrictions, and plaintiff had received counseling for exercise and physical
2    activity.  (AR 35, 37; see AR 936-37, 939-40, 956, 967-68, 1152).

3           As a further basis, the ALJ noted that plaintiff was able to engage in daily
4    activities such as toileting, bathing, dressing, cooking, doing household chores,
5    running errands, and shopping.  (AR 37; see AR 924, 1152).  Plaintiff contends
6    that the ALJ failed to explain how these activities translate into the ability to
7    perform full-time work on a consistent basis.  (Plaintiff's Motion at 9).  However,
8    even where a claimant's activities suggest some difficulty in functioning, an ALJ
9    may give less weight to subjective complaints to the extent a claimant's apparent
10   actual level of activity is inconsistent with the extent of functional limitation she
11   alleged.  See Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014)
12   (inconsistencies between claimant's testimony and claimant's reported activities
13   valid reason for giving less weight to claimant's subjective complaints); Curry v.
14   Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (claimant's ability to "take care of
15   her personal needs, prepare easy meals, do light housework and shop for some
16   groceries . . . may be seen as inconsistent with the presence of a condition which
17   would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th
18   Cir. 1989)).  Here, for example, the ALJ cited a treatment note in which plaintiff
19   had reported regularly walking for about forty-five minutes (AR 35, 1152), despite
20   plaintiff's testimony that she can walk for only twenty minutes and stand for only
21   twenty or thirty minutes (AR 398-99, 401).

22          Plaintiff fails to point to any evidence that the ALJ mischaracterized or
23   overlooked.  Indeed, the only symptoms or impairments that plaintiff specifically
24   addresses in Plaintiff's Motion are her knee pain and obesity, with respect to her
25   alleged standing and walking limitations, discussed above.  (See Plaintiff's Motion
26   at 6-8).  Although the record contains some conflicting evidence and assessments,
27   the ALJ reasonably resolved such conflicts and ambiguities.  See Tommasetti v.
28   Astrue, 533 F.3d 1035, 1041-42 (9th Cir. 2008) ("The ALJ is the final arbiter with

13

respect to resolving ambiguities in the medical evidence"); <u>see also</u> <u>Shaibi v.</u>
<u>Berryhill</u>, 883 F.3d 1102, 1108 (9th Cir. 2017) ("Where evidence is susceptible to
more than one rational interpretation, it is the ALJ's conclusion that must be
upheld."). Accordingly, plaintiff has failed to identify any material error in the
ALJ's decision. The ALJ provided specific, clear, and convincing reasons to
discount plaintiff's testimony regarding the limiting effects of her symptoms, and
those reasons are supported by substantial evidence in the record.

**V.   CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social
Security is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  October 8, 2020

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

14